

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

LD C. MANN
RNEY GENERAL

February 21, 1939

Hon. L. P. Heard
County Auditor
Bell County
Belton, Texas

Dear Sir:

Opinion No. 0-329
Re: Should Sheriff or Commissioners'
Court supervise purchase of food and feed-
ing of prisoners?

Your request for an opinion on the above
stated question has been received by this office.

Your letter reads in part as follows:

"In some counties they contract with cer-
tain parties to furnish meals for the prison-
ers at so much per meal, in other counties
the Commissioners' Court purchases the supplies
for this maintenance on competitive bids while
in other counties the sheriff does all of the
buying as he sees fit.....Will you please ad-
vise me what, in your opinion, is the proper
method and procedure for the handling of the
feeding of the prisoners and their maintenance;
that is, whether the sheriff should purchase
all of the supplies, or should the Commission-
ers' Court take over the entire management
of the jail, with the exception of course, of
being responsible for the prisoners?"

Article 1040, Code of Criminal Procedure reads
as follows:

"For the safe keeping, support and main-
tenance of prisoners confined in jail or under
guard, the Sheriff shall be allowed the follow-
ing charges:

"1. For the safekeep of each prisoner for

Hon. L. P. Heard, February 21, 1939, Page 2

each day the sum of fifteen cents, not to
exceed the sum of two hundred dollars per
month.

"2. For support and maintenance, for
each prisoner for each day such an amount
as may be fixed by the commissioners court,
provided the same shall be reasonably suffi-
cient for such purpose, and in no event shall
it be less than forty cents per day nor more
that seventy-five cents per day for each
prisoner. The net profits shall constitute
fees of office and shall be accounted for by
the sheriff in his annual report as other
fees now provided by law. The sheriff shall
in such report furnish an itemized verified
account of all expenditures made by him for
feeding and maintenance of prisoners, ac-
companying such report with receipts and
vouchers in support of such items of ex-
penditure; and the difference between such
expenditures and the amount allowed by the
commissioners court shall be deemed to con-
stitute the net profits for which said offi-
cer shall account as fees of office.

"3. For necessary medical bill and
reasonable extra compensation for attention
to a prisoner during sickness, such an amount
as the commissioners court of the county where
the prisoner is confined may determine to be
just and proper.

"4. For reasonable funeral expenses in
case of death."

On May 31, 1933, Hon. James N. Neff, County
Attorney, Orange, Texas, submitted to this Department al-
most the identical question presented in your inquiry and
on June 6, 1933, Hon. Homer C. DeWolfe, Assistant Attorney
General, rendered an opinion construing Article 1040,
Code of Criminal Procedure, holding in effect that the
sheriff has the authority to feed prisoners to the exclu-
sion of anyone else and that the Commissioners' Court has

Hon. L. P. Heard, February 21, 1939, Page 3

no authority to contract for feeding of prisoners on competitive bids.

It is too well settled to require the citation of authority that the Commissioners' Court is a court of limited jurisdiction and has only such authority as is given by the Constitution and statutes, either expressly or by necessary implication. This Department is unaware of any statutory provision or other authorities authorizing the Commissioners' Court to receive bids for the feeding of prisoners. Article 1040, Code of Criminal Procedure, supra, expressly confers the duty of caring for and feeding of prisoners upon the sheriff.

It is an elementary rule of construction that where the statute provides the means and manner in which a particular thing or duty is to be performed, it must be performed in that manner and no other. Texas Jurisprudence, Vol. 39, page 156.

You are respectfully advised that it is the opinion of this Department that the sheriff has the authority and is authorized by statute to feed and purchase all supplies necessary for the maintenance of prisoners and that such authority is not conferred upon the Commissioners' Court, either directly or indirectly.

Trusting that the foregoing answers your inquiry, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS